1 | DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO LAW GROUP
2 | 555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
3 | Telephone: (562) 495-9501
Facsimile: (562) 495-3674
4 | Email: dcammarano@camlegal.com

5 | Attorneys for Plaintiff,
TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.
6 |

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | TOKIO MARINE & NICHIDO FIRE ) Case No.:
INSURANCE CO., LTD. , )
11 | ) **COMPLAINT FOR NON-**
Plaintiff, ) **DELIVERY/DESTRUCTION OF**
12 | ) **CARGO; NEGLIGENCE; BREACH**
vs. ) **OF BAILMENT; BREACH OF**
13 | ) **CONTRACT; DECLARATORY**
) **RELIEF**
14 | KINTETSU WORLD EXPRESS, INC.; )
BNSF RAILWAY COMPANY; and )
15 | DOES 1 through 10, inclusive, )
)
16 | Defendants. )
_____

17 |

18 | Plaintiff alleges:

19 | **JURISDICTIONAL ALLEGATIONS**

20 |     1.    This dispute involves an international, intermodal, import shipment of

21 | Cargo and thus, is a case in admiralty giving rise to the court's jurisdiction pursuant

22 | to 28 U.S.C. §1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure, as

23 | hereinafter more fully appears.

24 |     2.    The case is governed by federal law, including the United States

25 | Carriage of Goods by Sea Act, 49 U.S.C. §1301 et. seq. and 28 U.S.C. 1367.

26 | **GENERAL ALLEGATIONS**

27 |     3.    At all times material herein, Plaintiff TOKIO MARINE & NICHIDO

28 | FIRE INSURANCE CO., LTD. (hereinafter "TMN") is an insurance corporation

*Complaint for Non-Delivery/Destruction of Cargo, etc.*

with a place of business at c/o TM Claims Service, Inc., 800 East Colorado Boulevard, Pasadena, California 91109  and was the insurer of the Cargo described below and paid NTN Driveshaft, Inc. for the loss claimed herein thereby becoming subrogated to the rights of NTN.

4.      At all times material herein, Defendant KINTETSU WORLD EXPRESS, INC. (hereinafter "KWE" or with Does "Defendants"), was a foreign corporation organized and existing under the laws of another country engaged in business as a common carrier of goods for hire between various foreign ports and ports in California with a United States global logistics partner headquarters office at One Jericho Plaza, Suite 100, Jericho, NY 11753 and place of business in California at 711 Glasgow Avenue, Inglewood, CA90301.

5.      At all times material herein, Defendant BNSF RAILWAY COMPANY (hereinafter "BNSF" or with Does "Defendants"), was a foreign corporation organized and existing under the laws of the State of Delaware and was engaged in business as a common carrier of goods by rail for hire with an office located at 4000 Sheila St., Commerce, CA 90023.

6.      Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts.  Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.      Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant, employee or contractor of the other Defendants.

8.      On or about June 10, 2016 KWE and Doe Defendants received a shipment of automobile parts ("Cargo") to be carried from Shimzu, Japan to Columbus, Indiana, via Long Beach/Los Angeles, California in the same good

order and condition as when received.

9.    The Cargo moved under sea waybill 146042580491 in containers TCNU55508618 and TCKU2148791.

10.    On or about June 28, 2016, KWE tendered the Cargo to BNSF for carriage from Los Angeles to Columbus, Indiana.

11.    Defendants, and each of them, failed and neglected to carry, handle, monitor and deliver the Cargo and maintain its good order and condition as when received.  To the contrary, a portion of the Cargo was never delivered and a portion delivered was a constructive total loss.

12.    By reason of the foregoing, plaintiff has been damaged in the amount of $160,184.51, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefore.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Non-Delivery of Cargo)

13.    Plaintiff refers to paragraphs 1 through 12, inclusive, of this Complaint and incorporates them herein as if fully set forth.

14.    Defendants, and each of them, failed and neglected to discharge and deliver the Cargo to its intended destinations in the same good order and condition as when received. Instead, a portion of the Cargo was never delivered and another portion delivered as a constructive total loss.

15.    By reason of the foregoing, plaintiff has been damaged in the amount of $160,184.51, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence)

16.    Plaintiff refers to paragraphs 1 through 15, inclusive, of this Complaint and incorporates them herein as if fully set forth.

17.    The loss and damage to the Cargo was directly and proximately

caused by the negligence and carelessness of Defendants and each of them.

18.   As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been damaged in the amount of $160,184.51, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Bailment)

19.   Plaintiff refers to paragraphs 1 through 18, inclusive, of this Complaint and incorporates them herein as if fully set forth.

20.   The loss of the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo and take adequate exception to its condition upon receipt.

21.   As a direct and proximate result of these breaches by Defendants, Plaintiff has been damaged in the amount of $160,184.51, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

### FOURTH CAUSE OF ACTION AGAINST BNSF
### (Breach of Contract)

22.   Plaintiff refers to  paragraphs 1 through 7, inclusive, of this complaint and incorporates them herein as though fully set forth.

23.   On or about June 28, 2016, as agent for Plaintiff's insured, KWE entered into an agreement with an ocean carrier which, in turn, engaged BNSF wherein BNSF agreed to safely handle, store, count, transport, monitor and deliver the Cargo in the same good order and condition as when received.

24.   Defendant materially and substantially breached their agreement by failing to deliver the Cargo in the same good order and condition as when received. To the contrary, a portion of the Cargo was not delivered and another portion delivered was a constructive total loss.

25.     BNSF was provided with written notice of claim within nine months of the loss and damage to the Cargo.

26.     As a direct and proximate result of the material breach of contract by Defendants, Plaintiff has been damaged in the amount of $160,184.51, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Declaratory Relief)

27.     There is currently an actual controversy and dispute among Plaintiff and Defendant and BNSF Railway Company involving the rights and responsibilities for a June 28, 2016 derailment in Texas and ensuing damage to the Cargo resulted.  Plaintiff and Kintetsu contend they are without fault, responsibility or blame for any of the damages suffered by Plaintiff as more fully described in the complaint of OOCL under case number 3:17-cv-02392-JFW-JEM, the allegations of which are incorporated by reference.

28.     Plaintiff is informed and believes that BNSF Railway contends otherwise.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.     For general damages in the sum of $160,184.51, plus miscellaneous expenses, interest and costs;

2.     For costs of suit herein;

3.     For a judicial determination that BNSF Railway is obliged to

//

//

1   indemnify and pay Plaintiff for the damages asserted herein and,

2        4.      For such other and further relief as this court deems just and proper.

3

4   Dated: June 26, 2017              CAMMARANO LAW GROUP

5

6                                     By: /s/ Dennis A. Cammarano
                                           Dennis A. Cammarano
7                                          Attorneys for Plaintiff,
                                           TOKIO MARINE & NICHIDO FIRE
8                                          INSURANCE CO., LTD.
                                           3413complaint062317.1.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Complaint for Non-Delivery/Destruction of Cargo, etc.*